*1033588728*

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| GAHLIB AL KAZAZ, | |
| Plaintiffs, | |
| v. | Case No.: |
| SHELTER MUTUAL INSURANCE COMPANY d/b/a SHELTER INSURANCE, | CJ-2016-02510 |
| Defendants. | ATTORNEY LIEN CLAIMED |

DISTRICT COURT
**FILED**
JUL 12 2016
SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA: TULSA COUNTY

JEFFERSON D. SELLERS

## PETITION

COME NOW the Plaintiff, Gahlib Al Kazaz, by and through his attorney of record Donald E. Smolen, II, of the law firm SMOLEN, SMOLEN & ROYTMAN, PLLC, and for his cause of action against Defendant Shelter Mutual Insurance Company d/b/a Shelter Insurance ("Shelter"), allege and state as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a residents of Tulsa County, Oklahoma.

2. Defendant Shelter is a foreign insurance company doing business in Tulsa County, Oklahoma.

3. The acts and occurrences alleged herein occurred, and the damages for which relief is sought arose, in Tulsa County, Oklahoma.

4. This Court has jurisdiction and venue is proper in Tulsa County, Oklahoma.

## STATEMENT OF FACTS

5. Paragraphs 1-6 are incorporated herein by reference.

6. Plaintiff owns his home located at 10426 S. 66th E. Avenue, in Tulsa.

7. Plaintiff's home was significantly damaged by theft and fire on or about August 25, 2015.

8. On said date, Plaintiff had in place a policy of insurance, policy number 35-71-3628952-1, written by Defendant Shelter. Such policy provided insurance coverage for the property damage caused by the theft and fire that occurred on August 25, 2015.

9. Plaintiff made a claim with Defendant Shelter under said policy – claim number HO0000001487715 – and demanded payment.

10. Plaintiff has cooperated to the best of his ability for all of Defendant Shelter's requests for information and has completed all conditions precedent to payment of benefits under the policy.

11. Defendant Shelter failed to properly investigate and evaluate Plaintiff's claim in good faith and continues to unreasonably refuse to tender benefits under the applicable policy of insurance.

## CAUSES OF ACTION

### COUNT 1 – BREACH OF CONTRACT

12. Paragraphs 1-11 are incorporated herein by reference.

13. Plaintiff was insured by a policy with Defendant Shelter at the time of

the damages set forth herein.

14. Pursuant to the terms of the policy of insurance, this is a situation wherein coverage contained in said policy applies to the damages set forth herein.

15. Plaintiff has requested that Defendant Shelter tender payment under said policy but Defendant Shelter has failed to tender said payment in accordance with said policy. Plaintiff has performed all conditions precedent under the policy.

16. Defendant Shelter has breached its contract of insurance and has wholly refused or neglected to pay Plaintiff the value of his damages. Said failure constitutes a breach of contract of said insurance policy, and the Plaintiff is entitled to a judgment against Defendant Shelter for the damages sustained while covered by such contract, together with attorney's fees and costs.

### COUNT 2 – BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

17. Paragraphs 1-16 are incorporated herein by reference.

18. There was in effect at the time the damages set forth herein were incurred a policy of coverage with Defendant Shelter with respect to the Plaintiff's home.

19. Defendant Shleter was contacted by Plaintiff requesting that it fulfill its contractual obligations and tender payment under the applicable policy of insurance coverage.

20. As of the date of this filing, Defendant Shelter has yet to tender the policy amounts owed to Plaintiff.

21. In its handling of Plaintiff's claim for benefits under the insurance policy, and as a matter of routine practice in handling similar claims, Defendant breached its duty to deal fairly and in good faith towards Plaintiff and others in the following respects:

   a. Failing to pay Plaintiff the insurance benefits that he was entitled to under the policy at the time when Defendant knew the Plaintiff was entitled to those benefits;

   b. Withholding payment of benefits to the Plaintiff knowing that Plaintiff's claim for those benefits was valid;

   c. Refusing to honor Plaintiff's claim without a legitimate, arguable reason and wholly lacking any evidence or support for its refusal;

   d. Unreasonably delaying payment of some benefits and denying Plaintiff's claim for some benefits without a reasonable basis;

   e. Refusing to pay Plaintiff's claim for reasons contrary to the express provisions of the law;

   f. Intentionally and recklessly misapplying the provisions of the insurance policy;

   g. Using its unequal wealth and bargaining position to overwhelm and take advantage of the Plaintiff and to effect an economic gain for the Defendant by not paying an amount that it owed by virtue of the insurance contract;

   h. Failing to properly investigate the Plaintiff's claim for benefits;

i. Failing to properly evaluate the investigation that was done on Plaintiff's claim for benefits;

j. Failing to adopt and implement reasonable standards for the prompt investigation and handling of claims arising under the policy including the claims of the Plaintiff; and

k. Failing to attempt to act in good faith to effectuate a prompt, fair settlement for the Plaintiff's claim.

22. As a direct result of Defendant's breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered the loss of the insurance policy benefits, mental and emotional distress, anxiety, embarrassment, and financial hardship, all in an amount in excess of $75,000.00.

23. Plaintiff has retained an attorney to prosecute this action and is thus entitled to a reasonable attorney fee as well as the costs expended in pursuit of this litigation.

## COUNT 3 – PUNITIVE DAMAGES

24. Paragraphs 1-23 are incorporated herein by reference.

25. The intentional, wanton and reckless conduct of Defendant in disregard of Plaintiff and others is, and was, conducted with full knowledge, in that Defendant knew, or should have known, of the severe adverse consequences of their actions upon Plaintiff and others.

26. That such actions and or inactions were not only detrimental to the

Plaintiff but the public in general.

27.  Defendant has acted intentionally, maliciously and in reckless disregard for the rights of the Plaintiff. As a result, the Plaintiff is entitled to recover punitive damages against the Defendant for these actions.

**WHEREFORE**, based on the foregoing, Plaintiff prays that this Court grant the relief sought including, but not limited to, actual damages in excess of Seventy Five Thousand Dollars ($75,000.00), with interest accruing from date of filing of suit, punitive damages in excess of ($75,000.00), reasonable attorneys fees, and all other relief deemed appropriate by this Court.

Respectfully submitted,

SMOLEN, SMOLEN & ROYTMAN, PLLC

_____
Donald E. Smolen, II, OBA#19944
Laura L. Hamilton, OBA#22619
701 S. Cincinnati Ave.
Tulsa, OK 74119
(918) 585-2667 P
(918) 585-2669 F
donaldsmolen@ssrok.com
laurahamilton@ssrok.com
*Attorneys for Plaintiffs*